```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| **FREDERICK BANKS,**       )<br>        Plaintiff,     )<br>                        )<br>        v.              )<br>                        )<br>**CYNTHIA REED EDDY, et al.,** )<br>        Defendants.    )<br>                        ) | Civil Action No.<br>16-10974-NMG |

**ORDER**

**GORTON, J.**

For the reasons stated below, the Court orders the plaintiff to pay the $400 filing fee.

On May 24, 2016, Frederick Banks ("Banks") filed a pro se civil complaint in this Court.  Banks is a federal pretrial detainee, see United States v. Banks, Crim. No. 15-00168 (W.D. Pa.), who is currently confined at FCI Butner in Butner, North Carolina.¹  Banks did not pay the $400 filing fee or seek leave to proceed in forma pauperis.

In his brief complaint (Docket No. 1), Banks alleges that a federal district judge, a federal magistrate judge, and special agents of the Federal Bureau of Investigation conspired to have Banks undergo unnecessary mental health evaluations and to subject him to electronic surveillance.  Banks seeks $100,000,000 in damages.

---

¹The plaintiff provides as his address the "Inmate Locator" of the Federal Bureau of Prisons ("BOP") and the address of the agency's headquarters in Washington, D.C.  The "Find an Inmate" service on the BOP's web site, see https://www.bop.gov/inmateloc (last visited June 8, 2016), indicates that Banks is currently confined at FCI Butner.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner generally cannot proceed in forma pauperis if he has, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g). Where a prisoner has "three strikes," he may only proceed in forma pauperis if he is "under imminent danger of serious physical injury" in regards to the misconduct alleged in the complaint. Id.; see also Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009) (holding that "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint"); Ball v. Hummel, 577 Fed. Appx. 96, 96 .1 (3d Cir. 2014) (per curiam) (same, citing Pettus); Alston v. F.B.I., 747 F. Supp. 2d 28, 31 (D.D.C. 2010) (same). Pretrial detainees are considered "prisoners" for purposes of the PLRA. See 28 U.S.C.§ 1915(h).

Banks has, while a prisoner, filed numerous cases in federal district courts throughout the country that have been dismissed as malicious or frivolous or for failure to state a claim upon which relief may be granted. In 2008, this Court (Tauro, J.), identified ten such cases and denied his motion for leave to proceed in forma pauperis on that ground. See Banks v. Sutherland, C.A. No. 08-10880-JLT, Docket No. 3 (D. Mass. May 28, 2008). In 2013, a federal district court in Ohio identified 205 cases Banks had filed in federal district courts which had been dismissed at the pleading stage; of those cases, one third were

dismissed as frivolous and the remaining two thirds were dismissed under the three strikes provision of 28 U.S.C. § 1915(g).  See Banks v. Valaluka, C.A. No. 15-01935, 2015 WL 7430077, at *1 & n.1 (N.D. Ohio Nov. 18, 2015).

　　Because Banks has incurred three or more "strikes" and is not "under imminent danger of serious physical injury" in regards to the alleged misconduct, he is not eligible to proceed without prepayment of the filing fee.

　　Accordingly, if Banks wishes to pursue this action, he must, within 35 days of the date of this order, pay the $400 filing fee.  Failure to do so will result in dismissal of this action.  If Banks timely pays the filing fee, the complaint will be subject to an initial screening pursuant to 28 U.S.C. § 1915A.

**So ordered.**

　　　　　　　　　　　　　　　　 /s/ Nathaniel M. Gorton
　　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　　United States District Judge
Dated: 6/10/16